Thomas F. Jeffrey SBN 110974
Law Office of Thomas F. Jeffrey
1400 N. Dutton Avenue,, Suite 21
Santa Rosa, CA 95401
Telephone: (707) 543-8530
Facsimile: (707) 543-8549

Attorneys for Debtors/Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 10-10219 |
| | ) | |
| OCTAVIO VEGA and ANITA VEGA, | ) ) ) | Chapter 13 |
| *Debtors.* | ) | **COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND** |
| OCTAVIO VEGA and ANITA VEGA, | ) ) | **FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| PATELCO CREDIT UNION, | ) ) | |
| *Defendant.* | ) | **DEMAND FOR JURY TRIAL** |

1. This is a proceeding brought by OCTAVIO VEGA and ANITA VEGA, the debtors in this chapter 13 bankruptcy case, for violation of the automatic stay (11 U.S.C. section 362(a)) and for injunctive and declaratory relief. Jurisdiction over this proceeding is conferred on this Court by 28 U.S.C. § 1334 in that this proceeding arises under title 11 of the United States Code and arises in a case under that title. This is a core proceeding.

2. Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. section 2201 and 2202.

3. Plaintiffs OCTAVIO VEGA and ANITA VEGA are the debtors in this Chapter 13 proceeding, which was commenced on January 25, 2010.

4. Defendant PATELCO CREDIT UNION is a corporation with its principal place of business in San Francisco, California.

5. On or about February 5, 2010, Defendant seized approximately $10,000 in funds belonging to debtors that were on deposit in a savings account (hereafter the "Funds"). The Funds are exempt under California Code of Civil Procedure section 703.140, and constitute property of the estate. Defendant thereafter refused to release the Funds to plaintiff claiming a right to setoff the Funds pursuant to a purported disclosure on its website.

6. Defendant had and has no setoff rights towards the Funds. Plaintiffs never granted to defendant a right to setoff funds on deposit or any other assets against any debts owing to defendant and were current on all obligations owed to Defendant when their petition was filed on January 25, 2010.

7. Defendant's actions in seizing the Funds and in thereafter refusing to release the Funds to Plaintiffs was willful in that Defendant knew of plaintiffs' bankruptcy filing.

8. Plaintiffs have no adequate remedy at law and will suffer irreparable harm if the Funds are not released to them in that Funds are necessary to preserve estate property and to reorganize. Plaintiffs request that the court issue a temporary restraining order, preliminary injunction and permanent injunction requiring that defendant release the Funds to Plaintiffs.

WHEREFORE, plaintiff requests that this Court enter a Judgment:

1. Declaring that Defendant has no setoff rights against the Funds.

2. For injunctive relief (temporary restraining order, preliminary injunction and permanent injunction) requiring that Defendant release the Funds to Plaintiffs.

3. For actual damages according to proof, costs and attorneys fees pursuant to 11 U.S.C. section 362(k).

4. Granting such other relief as is just and proper.

Dated: February 10, 2010.

*/s/ Thomas F. Jeffrey*
Thomas F. Jeffrey 110974